UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CHRIS L. MCPETERS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:17-CV-41-TLS-JEM |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) [ECF No. 21], filed on April 30, 2020, moving this Court for an Order awarding attorney's fees pursuant to 42 U.S.C. § 406(b). The Defendant has filed a Response to Plaintiff's Motion for Attorney Fees Under Section 406(b) of the Social Security Act [ECF No. 23] indicating that it neither supports nor opposes the Plaintiff's Motion. For the reasons stated below, the Plaintiff's Motion is GRANTED.

**BACKGROUND**

On March 12, 2013, the Plaintiff filed his Title II application for a period of disability and disability insurance benefits, alleging disability beginning on January 11, 2012. Oct. 18, 2018 Op. & Order 1, ECF No. 17. The Social Security Administration initially denied the Plaintiff's applications, and again on reconsideration. *Id.* at 1. An ALJ also denied the Plaintiff's application, finding he was not disabled prior to his date last insured. *Id.* at 1. On March 17, 2017, the Appeals Council denied the Plaintiff's request to review the ALJ's decision. *Id.* at 1-2.

On May 16, 2017, the Plaintiff filed a Complaint [ECF No. 1] in which he sought review of the denial of his benefits. On October 18, 2018, the Court reversed and remanded this case for further proceedings. Oct. 18, 2018 Op. & Order 14. Ultimately, the Social Security Administration issued a Notice of Award [ECF No. 21-2 Ex. C] in which it stated that the Plaintiff is entitled to past-due benefits in the amount of approximately $142,472.60. *See* Notice of Award 3, ECF No. 21-2 Ex. C.

The Plaintiff filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 21] on April 30, 2020, requesting the Court to award the Plaintiff's counsel $35,618.15 in attorney's fees. This amount is based on the retainer agreement between the Plaintiff and his attorneys, where the Plaintiff agreed to pay his attorneys twenty-five percent of all past-due benefits. *See* U.S. District Court Retainer Agreement and Assignment 1, ECF No. 21–2 Ex. A. The Court previously awarded counsel $4,454.66 in attorney's fees and $400.00 in costs pursuant to the Equal Access to Justice Act (EAJA), *see* January 23, 2019 Op. & Order, ECF No. 20, and counsel indicates that the previously awarded attorney's fees will be refunded if additional fees are awarded pursuant to 42 U.S.C. § 406(b). *See* Pl.'s Mem. of Law. Supp. Mot. Attorney's Fees 3, ECF No. 22.

## ANALYSIS

The Plaintiff's counsel, subject to refunding $4,454.66 in EAJA attorney's fees, requests $35,618.15 in attorney's fees pursuant to 42 U.S.C § 406(b). "The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b)." *Hoover v. Saul*, No. 1:16-CV-427, 2019 WL 3283047, at *1 (N.D. Ind. July 22, 2019) (citing *Culberston v. Berryhill*, 139 S. Ct. 517, 520 (2019)). "Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of

the past-due benefits to which the social security claimant is entitled." *Hoover*, 2019 WL 3283047, at *1 (citing 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002)). "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Hoover*, 2019 WL 3283047, at *2 (citing *Gisbrecht*, 535 U.S. at 808). Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Gisbrecht*, 535 U.S. at 808. Likewise, "an award of EAJA fees under [28 U.S.C. § 2412] offsets an award under § 406(b)." *Hoover*, 2019 WL 3283047, at *1 (citing *Gisbrecht*, 535 U.S. at 796).

In this case, the requested amount in attorney's fees is consistent with the contingency agreement. U.S. District Court Retainer Agreement and Assignment 1. Additionally, the amount requested is reasonable when taking into account counsel's representation that "Plaintiff's counsel affirms that he will not seek a total fee in excess of 25% under any combined fee sought under 42 U.S.C. § 406(a) and § 406(b) despite the holding in *Culberston*." Pl.'s Mem. of Law. Supp. Mot. Attorney's Fees 3. The Plaintiff's counsel represents that 23.4 attorney hours were spent in federal court on this case, which results in an effective hourly rate of $1,522.14. *See id.* at 2. Such an hourly rate, although perhaps on the high-end, is reasonable given the contingent nature of this case. *See Kirby v. Berryhill*, No. 14-CV-5936, 2017 WL 5891059, at * 1 (N.D. Il. Nov. 29, 2017) (awarding attorney's fees with an hourly rate of $1,612.28 and citing cases supporting the court's holding); *Heise v. Colvin*, No. 14-CV-739, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) ("This results in an effective hourly rate of just over $1,100, appropriately high to reflect the risk of non-recovery in social security cases . . . ."); *see also Zenner v. Saul*, 4:16-CV-51, 2020 WL 1698856, at *2 (N.D. Ind. Apr. 8, 2020) (awarding attorney's fees with an hourly rate of $ 1,167.28); *Koester v. Astrue*,

482 F. Supp 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney's fees with hourly rates ranging from $400 to $1,500).

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Motion [ECF No. 21] and AWARDS attorney's fees under 42 U.S.C. § 406(b) in the amount of $35,618.15. The Court ORDERS the Plaintiff's attorney to refund the $4,454.66 in EAJA fees previously awarded in this case.

SO ORDERED on May 15, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT